

John-Robert: Sorensen
P.O. Box 3974
Alhambra, California [91803]
888-896-6187

Case No. _____
ADMIRALTY
In the district of The United States
For the Central District of California
Western Division

John-Robert: Sorensen,
Ambassador, Public Minister, &
Private Attorney General
Linda-Wen-Kwang: Wang
Private Attorney General
(John & Jane Doe 1-100)          ,
      Plaintiffs
v.

IN REM "NOTICE OF LIEN" By
John A. Clarke dba CLERK OF COURT/
CHIEF EXECUTIVE
LOS ANGELES COUNTY SUPERIOR CT.
JOHN E. BOUZANE, dba/ATTORNEY
TRUST GOLDEN IMPERIAL INV. AS
TRUSTEE
Leroy D. Baca dba SHERIFF            /
COUNTY OF LOS ANGELES et al.
Paul Lawrence dba/CEO
HSBC BANK USA
Thomas Detelich dba/President
HOUSEHOLD FINANCE CORP
Betty Schwab dba/TRUSTEE SALES OFF.
HOUSEKEY FINANCIAL CORP.
Irma Barrios dba/TRUSTEE SALES OFF.
HOUSEKEY FINANCIAL CORP.
Jesus Contreras dba ASSIST SECRETARY
HOUSEKEY FINANCIAL CORP.
William P. Foley II dba/CHAIRMAN
FIDELITY NATIONAL TITLE INSUR CO
Grace Hsu dba/GOLDEN IMPERIAL INV
Lisa Lench dba/JUDGE
LOS ANGELES COUNTY SUPERIOR CT
Mike Sulya dba/AUCTIONER
PRIORITY POSTING AND PUBLISHING
Respondent Superior
ALHAMBRA POLICE DEPARTMENT
Respondent Superior
COUNTY OF LOS ANGELES
Respondent Superior
LOS ANGELES COUNTY SUPERIOR CT

Case No. EDCV08-1142- VBF(JWJx)

**PETITION IN NATURE OF A
CLASS ACTION COMPLAINT
FOR QUIET TITLE**

FILE ON DEMAND

Within The Admiralty
Demand for Three-Judge Court to Convene

1

1  (John & Jane Doe 1-100)                    )
          Defendants.                         )
2  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )
                                              )
3  _____ )

4

5                              **Preamble**

6  Comes now: John-Robert: Sorensen, a natural man, Domiciled and one of the people of the
   republic state of California, an Ambassador and Public Minister on temporary missionary service
7  to the Church of Christ, appears in this court of record, as Fiduciary, Next Friend and Secured
8  Party, of Plaintiff, Linda-Wen-Kwang: Wang pursuant to James 1:22 of the Holy Scriptures
9  [KJV], and gives this Notice and Choice of law of the foregoing, pursuant to the Savings to
10 Suitors Clause of this alien law forum, and claims all rights at all times waiving none at any time.
   Plaintiffs challenge the State of California Los Angeles County Superior Court's claim of
11 jurisdiction over plaintiffs' property evidenced by their continued refusal to produce to the record
12 any proof of jurisdiction or otherwise answer repeated jurisdictional challenges by way of pleas to
13 same.

14

15       **Complaint of quite title in a claim of lien and to discharge by cancellation**
16                              **Jurisdiction and Venue**

17
   Petition, complaint, and claim under authority of 28 USC 1443, Suits in Admiralty Act 46 USC §
18
       741 Public Vessels Act 42 USC § 1983, 28 U.S.C. 1333, 1337,
19       Bills of Lading Act, Foreign Sovereign Immunity Act, Admiralty Extension Act
20

21    31 U.S.C 3730(b) (1), Equal Access to Justice Act, 28 U.S.C. 2461 and 2463, 18USC § 1964(a)
22   15 USC § 1692  Violation of Federally protected rights under the 4th, 5th , 6th, 8th, 13th and 14th,
23              amendments to the Constitution of The United States of America

24
   FEDERAL QUESTION JURISDICTION: 28 USC § 1331, §1352, 40 U.S.C.A. § 270b (a), 28
25 USC §1443 42 USC § 1983: The federal district court has subject matter jurisdiction to consider
26 this claim under authority of 15 U.S.C. § 1692, 18 USC § 1964(a) and by virtue of sufficient
27 pleadings clearly articulating violations of 18 USC § 1961 & 1962.  The violations are pled with
28 particularity *infra*.   Furthermore,  the   clear face of this record shows the claims of the class in

                                              2

1  harmony with Attick   v. Valeria Associates, L.P., S.D. N.Y. 1992, 835 F. Supp. 103, Avirgan v.

2  Hull, C.A. 11 (Fla.) 1991, 932 F.2d 1572, Yellow Bus Lines, Inc. v. Drivers, Chauffeurs &

3  Helpers Local Union 639, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari

4  denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, Hecht v. Commerce Clearing House,

5  Inc. C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, Standard Chlorine of Delaware, Inc.

6  v. Sinibaldi, D.Del. 1992, 821 F. Supp. 232, Jordan v. Herman, F.D. Pa. 1992, 792 F. Supp. 380,

7  Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc. S.D.N.Y. 1987, 114 F.R.D. 684,

8  Polletier v. Zweifel, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari

9  denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, Khurana v. Innovative Heath Care Systems,

10  Inc. , C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397 on

11  remand 164 F.3d 900, In re American Honda Motor Co., Inc. Dealership Relations Litigation,

12  D.Md. 1996, 941 F.Supp. 528, Red Ball Interior Demolition Corp. v. Palmadessa, S.D.N.Y.

13  1995, 908 F.Supp. 1226, Protter v. Nathan's Famous Systems, Inc. E.D. N.Y. 1995, 904 F.Supp.

14  101, Prudential Ins. Co. of America v. U.S. Gypsum Co. D.N.J. 1993, 828 F.Supp. 287, and

15  Compagnie de Reassurance D'lle de France v. New England Reinsurance Corp. D. Mass. 1993,

16  825 F.Supp. 370.

This action initiated as a removal and is being amended to an original action for Quiet Title. This civil action arises under Amendment V of the Constitution for the United States giving General Jurisdiction as to In Rem, In Personam and Subject Matter to this Court. This Court has Mandamus authority to issue writs under 28 U.S.C. §1361 and 5 U.S.C. §702 if the Plaintiff can clearly and indisputably show the following elements: (a) Plaintiff must have a clear right to the relief; (b) Defendant must have a clear duty to act; and (c) No other adequate remedy must be available.

### Statement of *in personam* jurisdiction

The defendants, an informal enterprise, herein "enterprise", are operating a cooperative conspiracy under color of law, corrupting interstate commerce. Kingpin John A. Clarke operates from 111 North Hill Street, Los Angeles, California 90012-3117.  The enterprise members, referred to herein as defendants, are either domiciled in or have aided and abetted Kingpin John A. Clarke's violations of 18 USC §1961, §1962 & § 1964, 18 USC Sec 4, 28 USC § 1443, 42 USC § 1983, 15 USC § 1692, by directing and memorializing the inducements of fraudulent

presentments purporting to be charging instruments with the intent to defraud class members, of money property and liberty. The enterprise has published their declaration of contempt for the rule of law and have engaged in acts, of malfeasance, misfeasance with absolute contempt for state, federal and local law, well settled Supreme Court authority, continuous violations of relevant treaty provisions of both state and federal constitutions. These acts were perpetrated within the Central federal District of California.

## Statement of Venue

Admiralty venue is appropriate in the Central federal District of California, while in the pursuit of extorting money systematically, by a proceduralized pattern of predicate acts of threat, duress and coercion; fraudulent inducements, extortion, false presentments, misprison of felony, perpetrated by Defendants, occurred in the Central federal District of California and this Court has authority under Pendent Jurisdiction.

## Administrative remedy exhausted

Plaintiffs' administrative remedies were exhausted the moment the defendants TRUSTEE SALES OFFICER BETTY SCHWAB, SUPERIOR COURT JUDGE LISA LENCH, and CLERK OF COURT JOHN A. CLARKE as the Officers of the Court for Los Angeles County, State of California, acting under color of law or legal authority violated the mandate of Congress and the State of California Constitution by the act of recording the "order", Notice Default Judgment, in the Recorders Office for the County of Los Angeles. Said "order" having the effect of clouding Plaintiff's title to property or any future property acquired by Plaintiff thereby slandering Plaintiff's good name in commerce without due process of law.

## Plaintiffs

Plaintiff John-Robert: Sorensen is a man who is domiciled in California State. Plaintiff Linda-Wen-Kwang: Wang, is a woman also domiciled in California State. Both have domiciled in the County of Los Angeles for a period exceeding 25 years.

## Defendants

Defendants BACA, BOUZANE, CLARKE, HSU, LENCH, and SCHWAB are presumed to be Citizens of California. Defendants, CHIEF EXECUTIVE OFFICER AND CLERK OF COURT,

JOHN A. CLARKE and SUPERIOR COURT JUDGE LISA LENCH are Los Angeles County Superior Court employees.

### Statement of facts

1. The issue before the court is a question of denial of due process of Federal and State law and 'in rem' action.

2. Petitioners dispute the fraudulent method defendants have used to cloud their title to property and their good name in commerce.

3. LOS ANGELES COUNTY is a for-profit corporation listed in DUNN & BRADSTREET and therefore is fully bound by the international rules of commerce: the chief among these being TRUTH in Commerce.

4. LOS ANGELES COUNTY the for-profit corporation was used to supplant and replace the lawful Republican form of government known as Los Angeles County, without the knowledge or consent of the people of Los Angeles County, which is a violation of the cardinal rule in commerce: "Truth in Commerce" and is an on-going fraud against the people of Los Angeles County.

5. Therefore LOS ANGELES COUNTY and its agents including IRMA BARRIOS, PAUL LAWRENCE, MARK ESTLE, THOMAS M. DETELICH, KATHY A. DOCKERY, WILLIAM P. FOLEY II, ALAN L. STINSON, RAYMOND R. QUIRK and BETTY SCHWAB, et al are fully liable for every instance in which they have perjured their oaths; lied, committed theft, and are bound to make full restitution to all injured parties.

6. HSBC BANK USA is a for-profit U.S. corporation, a fiction, a piece of paper, a dead entity and agent of the UNITED STATES (a bankrupt corporation), and is therefore fully bound by U.S. Federal Law and U.S. Public Policy. As such, HSBC BANK USA cannot achieve parity with the woman Linda-Wen-Kwang: Wang or the man John-Robert: Sorensen.

7. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, a member of the HSBC BANK GROUP, is a for-profit U.S. corporation, a fiction, a piece of paper, a dead entity and agent of the UNITED STATES (a bankrupt corporation), and is therefore fully bound by U.S.

Federal Law and U.S. Public Policy. As such, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA cannot achieve parity with the woman Linda-Wen-Kwang: Wang or the man John-Robert: Sorensen.

8. HOUSEKEY FINANCIAL CORPORATION, a member of the HSBC BANK GROUP, is a for-profit U.S. corporation, a fiction, a piece of paper, a dead entity and agent of the UNITED STATES (a bankrupt corporation), and is therefore fully bound by U.S. Federal Law and U.S. Public Policy. As such, HOUSEKEY FINANCIAL CORPORATION cannot achieve parity with the woman Linda-Wen-Kwang: Wang or the man John-Robert: Sorensen.

9. HOUSEHOLD FINANCE CORPORATION routinely perpetrated fraud in its lending policies and practices in regard to real estate secured loans.

10. On May 20, 2000 Plaintiff Wang applied for a loan and became a victim of HOUSEHOLD FINANCE CORPORATION's predatory lending practices. Concerning **deceptive sales practices** she was: (a) baited and switched on interest rates; (b) purposely debased on her credit profile for HFC's maximum gain; (c) given a long prepayment period – 5 years; (d) obligated to an exorbitant prepayment fee – 5%; (e) forced to pay high closing costs - $15,000; (f) provided a proposal showing monthly savings that failed to materialize; and (g) structured a mortgage to include a last minute second loan that made it difficult to defect and get financing elsewhere.

11. Concerning **the violation of disclosure laws**, HOUSEHOLD FINANCE CORPORATION: (a) failed to provide a good faith estimate for the two loans; (b) provided confusing presentations to sell a loan that carried a far higher interest rate than she thought she was getting; (c) failed to disclose a mandatory arbitration clause; (d) failed to explain the credit life insurance concept and cost; and (e) failed to make available loan document copies when requested to do so.

12. Concerning **fraudulent sales practices**, HOUSEHOLD FINANCE CORPORATION: (a) supplied checks for a credit line that had no value; (b) double billed her for $3,000 of credit life insurance she did not ask for.

6

13. LINDA W. WANG complained about her loan to HOUSEHOLD FINANCE CORPORATION's president, William Aldinger. He ignored her letter.

14. Public outrage toward HOUSEHOLD FINANCE CORPORATION's lending practices resulted in an epidemic of lawsuits, the most prominent among them:

15. **On October 10, 2002, HOUSEHOLD FINANCE CORPORATION announced it reached a settlement with a multi-state group of state attorneys general and regulatory agencies, representing a nationwide resolution of issues related to HOUSEHOLD FINANCE CORPORATION's non-prime consumer lending businesses, including real estate lending practices which, in substantial part, also were the subject of the Consolidated Action and the other Private Lawsuits (the "AG Settlement"). The AG Settlement provided for significant practice changes going forward and established a $484 million restitution fund ("the AG Settlement Fund") for the benefit of HOUSEHOLD FINANCE CORPORATION borrowers nationwide.**

16. In spite of the plethora of lawsuits and the AG settlement, HOUSEHOLD continued their reprehensible practices. On March 14, 2007 and again on May 8, 2007 Linda-Wen-Kwang: Wang made this Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B)(e) and Reg. X § 3500.21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq. RESPA provides substantial penalties and fines for non-compliance.

17. HOUSEHOLD ignored both RESPA requests thereby admitting to fraud and predatory lending schemes on many levels.

18. On June 28, 2007 Linda-Wen-Kwang: Wang mailed her **acceptance** of HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA's payoff letter dated June 27, 2007 on HFCC's loan 210043-00-201688 and directed HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA to charge the pre-paid account of LINDA W. WANG 570574399 on file with the Department of the Treasury. (SEE EXHIBIT 1 – Demand for Setoff Letter).

19. On October 25, 2007 HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA

dishonored the tender of payment, refused to settle the above account, and began foreclosure proceedings against LINDA W. WANG (SEE EXHIBIT 2 – Notice of Trustee Sale). Payment tendered and refused is payment made to the extent of the face amount of the instrument under UCC 3-603.

20. On December 3, 2007 John-Robert: Sorensen tendered payment to HOUSEKEY FINANCIAL CORPORATION, in the amount of a $5,000,000.00 settlement via Doreen M. Walker, Notary Public (SEE EXHIBIT 3 - Notary's Certificate of Service, dishonor).

21. On or about December 5, 2007, IRMA BARRIOS, PAUL LAWRENCE, MARK D. ESTLE, THOMAS M. DETELICH, and KATHY A. DOCKERY received the full settlement for Household Finance account (Trustee Sale #74-26985-2), as well as notice of their appointment as fiduciaries (being holders in due course) for the settlement of the account. Aforesaid fiduciaries received instructions to send the instrument to the trustee for the United States Treasury as required under Title 28 U.S.C., Section 2041.

22. The trustee for the United States Treasury, Mr. Henry M. Paulson, Jr., is co-payee on the instrument for settlement sent to named fiduciary, IRMA BARRIOS, et al.

23. The parties IRMA BARRIOS, PAUL LAWRENCE, MARK D. ESTLE, THOMAS M. DETELICH, and KATHY A. DOCKERY were given notice and opportunity to object to defects in the above mentioned instrument or else agree that the instrument is without defect and is full settlement of the claim. The above mentioned parties remained silent and have therefore agreed that they are in receipt of full settlement for Trustee Sale #74-26985-2 and are holders in due course of the $5,000,000.00 settlement.

24. The parties IRMA BARRIOS, PAUL LAWRENCE, MARK D. ESTLE, THOMAS M. DETELICH, and KATHY A. DOCKERY received the tender of payment and have refused to settle, which, under U.C.C. 3-603 is full settlement. IRMA BARRIOS, PAUL LAWRENCE, MARK D. ESTLE, THOMAS M. DETELICH, and KATHY A. DOCKERY due to their dishonor and their failure to settle, and due to the fact that the above named fiduciaries have retained the $5,000,000.00 in settlement funds, the parties now owe John-Robert: Sorensen $5,000,000.00 for their dishonor.

25. In her December 27, 2007 pleading to the Bankruptcy court (*Notice of Filing to be Included in and to Augment the Record*), Plaintiff Linda-Wen-Kwang: Wang also notified court she made officers of the alleged creditor, HSBC BANK USA fka HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, its attorney, MARK ESTLE ESQ., the Chapter 13 Trustee, KATHY A. DOCKERY, and JUDGE ELLEN CARROLL aware of the crime but these individuals chose to remain silent, which is a misprision of felony under Title 18 U.S.C. Section 4 which states:

> **"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."**

26. On April 3, 2008, Linda-Wen-Kwang: Wang sent by notary acceptor via certified mail/RRR # 7007 0220 0001 9814 9530 a copy of her "Notice of Acceptance to Contract, Notice of Joinder" to WILLIAM P. FOLEY II, Chairman, FIDELITY NATIONAL TITLE INSURANCE COMPANY (hereinafter "FIDELITY").

27. The terms and conditions of the contract required FIDELITY and its officers, WILLIAM P. FOLEY II; ALAN L. STINSON (CEO); and RAYMOND R. QUIRK (co-president), to compensate Wang $200,754.12 within ten days for trespassing on the contract already in place with HSBC BANK USA dba HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA/HOUSEKEY FINANCIAL CORPORATION or agree to compensate Wang for the full amount of the contract which was set at $5,000,000 and agree to a consent judgment for all assets held by the officers of FIDELITY.

28. WILLIAM P. FOLEY II, ALAN L STINSON, AND RAYMOND R. QUIRK chose to ignore said notice and have acquiesced to its terms of the afore mentioned contract by virtue of their default.

29. On April 22, 2008, Linda-Wen-Kwang: Wang sent by notary acceptor via certified mail/RRR # 7007 2560 0002 6988 9500 a copy of her "Notice of Acceptance to Contract - Fault with Opportunity to Cure and to Contest Acceptance" (SEE EXHIBIT 4).

30. WILLIAM P. FOLEY II, ALAN L STINSON, AND RAYMOND R. QUIRK chose to ignore said notice. The above mentioned parties were given notice and opportunity to object to the

contract but remained silent and agreed that they have trespassed on the contract in place with IRMA BARRIOS, PAUL LAWRENCE, MARK D. ESTLE, THOMAS M. DETELICH, and KATHY A. DOCKERY.

31. On April 8, 2008, Notary Public Doreen M. Walker mailed certified copies of Linda-Wen-Kwang: Wang's "Notice by Affidavit of Rescission" (SEE EXHIBIT 5) citing failure of consideration; failure to make full disclosure (HFC did not disclose the right to rescind at closing under Appendix H; the property was on a flood plain that was not disclosed – under USC Title 33; also a violation of UCC 3-407, "material alteration to the original contract") and fraud by HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA; to said bank via certified mail # 7007 0220 0001 9814 9561 and requested therein a full accounting and proof of consideration. Wang publically recorded said Rescission of the promissory notes underlying accounts 217100-978861, now 210043-00-201688.

32. On May 9, 2008, Linda-Wen-Kwang: Wang by notary acceptor tracking # NA 80327001 AONR mailed via Notary Public Doreen M. Walker's Affidavit of Non-Response and Final Notice of Default certifying HSBC BANK USA's and PAUL LAWRENCE's agreement to accept Binding Administrative Judgment certifying their agreement with all terms, statements, facts and stated provisions in the Contract, recorded to the public record (SEE EXHBIIT 6 - Affidavit of Non-Response).

33. HSBC BANK USA, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA. and HOUSEKEY FINANCIAL CORPORATION, having been given notice and opportunity to comply with the terms of the Rescission; (i.e. to a complete accounting, and with a full refund of all payments made by Wang, as well as a point for point rebuttal to Wang's affidavit under penalty of perjury), did, through its agent PAUL LAWRENCE and BETTY SCHWAB conduct a fraudulent and counterfeit public sale of 905 South Atlantic Boulevard, Alhambra, California in violation of their duty to respond to said rescission and in violation of Federal law.

34. Linda-Wen-Kwang: Wang served a copy of the "Notice by Affidavit of Rescission" to PAUL LAWRENCE, President and CEO, HSBC BANK USA dba HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA/HOUSEKEY FINANCIAL CORPORATION, which

clearly shows that the alleged Mortgage Contract for the property at 905 South Atlantic Boulevard, Alhambra, California 91803 had been rescinded.

35. Linda-Wen-Kwang: Wang has filed a UCC-3 [amendment to her UCC1 filing] to include the settlement of the alleged loan with HOUSEKEY FINANCIAL CORPORATION et. al. and Wang presently owns the note.  The UCC-3 is presently recorded in the County of Los Angeles Recorders Office.

36. On May 16, 2008, Notary Public Doreen M. Walker mailed  a certified copy of Linda-Wen-Kwang: Wang's "Notice of Acceptance of Your Offer of Demand for Payment, Notice of Tender of Payment, Notice of Terms as Set Forth Under Public Policy" (USPS Certified Return Receipt No. 7007 2560 0002 6988 9500) to PAUL LAWRENCE of HSBC BANK USA (SEE EXHIBIT 7).

37. Wang's letter was to serve Notice of intent to tender full payment under United States Public Policy (HJR-192) for the settlement of the previous account no. 217100-978861, now new account no. 210043-00-201688, [regarding Trustee Sale Nos. 74-26985-2 and 74-29339-2].

38. John-Robert: Sorensen settled this claim with HOUSEKEY FINANCIAL CORPORATION by providing funds which were presented under notary seal by pre-arrangement with US Department of the Treasury.  A contract was established making [a previous trustee sales officer, IRMA BARRIOS, a co-fiduciary for settlement.   HOUSEKEY FINANCIAL CORPORATION has not acknowledged receipt of said funds. Accordingly, the Secretary of the US Treasury Henry M. Paulson Jr. [as fiduciary] is expecting these funds to set off any liability/claims associated with this account.  HOUSEKEY FINANCIAL CORPORATION has retained possession of these funds and has not settled this account as required.   The attempt to proceed with this foreclosure and trustee sale is a subterfuge to conceal crimes of theft of Federal Funds and other crimes which is a violation of 18 USC Subsection 1509 – OBSTRUCTION OF DUE EXERCISE OF RIGHTS.

39. Linda-Wen-Kwang: Wang has executed a Declaration of Political Status, *apostilled* [443594] by the Secretary of State of the State of California, under the Hague Convention of 1961, which is treaty law in the United States. Said Declaration is self-authenticating evidence that

Linda-Wen-Kwang: Wang is a living soul, a woman upon the soil, and an official who is foreign to the corporation called the united States.

40. It is a violation and a crime under Title 18 Sec 878 to make threats or engage in extortion against foreign officials, official guests, or internationally protected persons. Linda-Wen-Kwang: Wang is such a official foreign to the corporation called the united States per her declaration of political status, *California State Apostille No. 443594.*

41. Linda-Wen-Kwang: Wang has clearly stated in her Declaration of Political Status *(California State apostille number 443594)* that Wang is not a united States person, and is in fact a sovereign woman upon the land and third party intervener for this claim. There is no evidence that Wang has abandoned her sovereign status and no evidence that Wang has conveyed jurisdiction to any other entity. There has been no rebuttal to this fact, either, by any of the named fiduciaries in this notice.

42. On or about December 5, 2007 HOUSEKEY FINANCIAL CORPORATION accepted and retained settlement for Trustee Sale # 74-26985-2.

43. The aforesaid "sale" (#74-29339-2) is a COUNTERFEIT SECURITY in that it was recorded by PAUL LAWRENCE and BETTY SCHWAB despite the fact that this matter had been settled in a previous action.

44. In as much as the purported "sale" of the subject property is a fraud, it is a nullity without force or effect. PAUL LAWRENCE as fiduciary has a duty under Title 18 part 1, chapter 1, § 4 to report all crimes brought to his attention including the crimes stated in this Notice of Counterfeit Security.

45. BETTY SCHWAB, Trustee Sale Officer for HOUSEKEY FINANCIAL CORPORATION and PAUL LAWRENCE President and CEO of HSBC BANK USA have issued documents at the request of HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA/HOUSEKEY FINANCIAL CORPORATION to LINDA W. WANG indicating that property listed as 905 South Atlantic Boulevard, Alhambra, California was to be auctioned off and sold at Trustee Sale No. 74-29339-2 on May 21, 2008. HSBC BANK USA and/or HOUSEKEY FINANCIAL CORPORATION by utilizing these fraudulent documents have submitted a counterfeit security for the express purpose of intimidation and coercion.

12

46. The aforesaid "sale" on May 21, 2008 may not be lawfully recorded after full settlement was **in fact** received by the previous fiduciary IRMA BARRIOS on December 5, 2007. (Via USPS certified correspondence 7007 0220 0001 9814 8830). PAUL LAWRENCE, MARK ESTLE, THOMAS M. DETELICH and KATHY A. DOCKERY (also fiduciaries) do not have license to engage in a theft of funds or to violate federal law at 28 USC §2041.

47. The aforesaid "sale" on May 21, 2008 is an action designed to defraud and to deprive Linda-Wen-Kwang: Wang of her property, and to circumvent the duties of the aforementioned fiduciaries to comply with 28 USC §2041.

48. The aforesaid "sale" on May 21, 2008 should not have been lawfully recorded after full settlement was **in fact** received by the previous fiduciary IRMA BARRIOS on December 5, 2007. (Via USPS certified correspondence 7007 0220 0001 9814 8830). PAUL LAWRENCE, MARK ESTLE, THOMAS M. DETELICH and KATHY A. DOCKERY (also fiduciaries) do not have license to engage in a theft of funds or to violate federal law at 28 USC §2041.

49. The aforesaid "sale" on May 21, 2008 is an action designed to defraud and to deprive Linda-Wen-Kwang: Wang of her property, and to circumvent the duties of the aforementioned fiduciaries to comply with 28 USC §2041.

50. On May 21, 2008 at 11:30 AM at POMONA SUPERIOR COURTS BUILDING, 350 W. Mission Boulevard, Pomona, California, Trustee Sale No. 74-29339-2 was scheduled to auction Plaintiff's home off to the highest bidder.

51. Plaintiff Linda-Wen-Kwang: Wang gave notice through the trustee of Plaintiff's estate, John-Robert: Sorensen, to a party who would only identify himself after two inquiries as "MIKE, an auctioneer employed by PRIORITY POSTING AND PUBLISHING", an agent of HSBC, of Affiant's tender of payment. A further search of this company's records identified "Mike" as MIKE SULYA. MIKE SULYA refused to accept tender of Affiant's payment and indicated he would continue to conduct the auction of Affiant's home to other bidders.

52. Plaintiff Wang's agent cautioned MIKE SULYA to cease and desist the public sale of the afore-mentioned property, informing him any sale would be a fraudulent conveyance of Affiant's property while serving SULYA the following documents:

(a) Tender of Payment, a $600,000 settlement;

(b) Notice of Counterfeit Security (sent to SCHWAB);

(c) Notice by Affidavit of Rescission and Revocation of Signature for Good Cause and Self-Executing Agreement (sent to LAWRENCE);

(d) form UCC-3 filed with the Secretary of State reflecting Affiant's ownership of the note on the afore-mentioned property;

(e) form UCC-3 vested interest lien filed with the Secretary of State;

(f) Notice of Acceptance of Offer of Demand for Payment (sent to LAWRENCE);

(g) form 56 appointing BETTY SCHWAB fiduciary to the United States Treasury for Trustee Sale No. 74-29339-2

(h) a copy of form 1099 O.I.D. issued to HOUSEKEY FINANCIAL CORPORATION.

53. Contrary to his words, MIKE SULYA did accept payment from Trustee, John-Robert: Sorensen, in the amount of $600,000 prior to the purported sale. Affiant's Tender of Payment far exceeded any other bid, therefore, BETTY SCHWAB and MIKE SULYA had notice and opportunity to cease and desist in their fraudulent conveyance of Affiant's property; having accepted Affiant's tender of payment in the amount of $600,000 SULYA proceeded to fraudulently convey the afore-mentioned property to a third party before witnesses who have signed Affidavits regarding this fraudulent conveyance.

54. HSBC, having been given notice and opportunity to comply with the terms of the Rescission; to wit:

**to supply Affiant with a complete accounting, and with a full refund of all payments made by Affiant, as well as a point for point rebuttal to Affiant's affidavit under penalty of perjury,**

did, through its agents BETTY SCHWAB, Trustee Sales Agent of HOUSEKEY FINANCIAL CORPORATION and MIKE SULYA, the auctioneer from the firm PRIORITY POSTING AND PUBLISHING, INC. conduct the public sale (a counterfeit security) of 905 South Atlantic

14

Boulevard, Alhambra, in violation of their duty to respond and in violation of the law (SEE EXHIBIT 8)

55. Plaintiffs affirm that HSBC "never provided any consideration," and therefore that "the alleged 'contract' **was never formed and is therefore void** and nonexistent."

56. Plaintiffs demanded that MIKE SULYA and HELEN ALAILIMA immediately produce their Public Hazard Bonds to compensate plaintiffs for damages incurred for their admitted fraud. SULYA and ALAILIMA ignored that request.

57. On May 16, 2008 Plaintiff Wang registered the note on said property on form UCC3, which she recorded with the California SECRETARY OF STATE (EXHIBIT 9 – UCC3 note) after having filed form UCC11. This matter in now a public record. Under Title 12 U.S.C. 1813(L)(1) when Plaintiff deposited her promissory note with HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA on April 30, 2003, it became a cash item. Plaintiff Wang then became the creditor on the payables side of the ledger. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA owes Affiant the money but refuses to acknowledge this fact.    Plaintiff Wang is due and **hereby demands recoupment on this money**. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA shifted the asset off the books but never disclosed this to Linda-Wen-Kwang: Wang. When they did this, they had to report it to the FEDERAL RESERVE BOARD. They know they are mandated to give a cash-receipt on any deposit but failed to give one to Plaintiff Wang. HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA is required to show it on their books but is not doing so. They did an offset entry. The plaintiffs will soon subpoena the bank's auditor before a Treasury Data Integrity Board Review.

58. HSBC BANK USA (aka HOUSEHOLD FINANCE COMPANY OF CALIFORNIA/ HOUSEKEY FINANCIAL CORPORATION – hereinafter "THE BANK") laundered Plaintiff Wang's money. The promissory note Affiant signed and deposited with THE BANK was an unregistered security, a non-negotiable instrument. However, THE BANK placed Plaintiff Wang's asset into an SPV (Special Purpose Vehicle – i.e a mortgage trust or HELOC). At this point, THE BANK was "servicer" of the note and could not foreclose on it, because they were no longer holder of the note. It was securitized, having been moved out of

UCC Article 3 into UCC Article 8 and Article 9. THE BANK was obligated to give Plaintiff Wang the right to rescission with restitution because the note was unregistered. This is money laundering or RICO.

59. On May 21, 2008 JESUS CONTRERAS, Assistant Secretary, HOUSEKEY FINANCIAL CORPORATION reported on "Trustee's Deed Upon Sale", that "Grantee (HSU), being the highest bidder at said sale, became the purchaser of said property for the amount bid being $230,200" (EXHIBIT 10 – Trustee's Deed Upon Sale).

60. On June 24, 2008 plaintiff sent Defendant CONTRERAS a **Notice by Counterfeit Security, Other Violations of Federal Law and Statement of Facts.** The notice outlined many violations of due process rights of and crimes perpetrated against plaintiff by Defendant CONTRERAS and his associates such as:

   a. withholding a $5,000,000 settlement made on December 5, 2007 to PAUL LAWRENCE, CEO, HSBC BANK USA (parent to HOUSEKEY FINANCIAL CORPORATION) that was intended for Henry Paulson, trustee of the United States Treasury and co-payee on the settlement sent;

   b. ignoring an offer of tender of full payment in the amount of $600,000 to Associate BETTY SCHWAB who conducted the Trustee Sale of plaintiff's home on May 21, 2008 only to award it to a much lower bid of $230,200;

   c. ignoring a Notice by Affidavit of Rescission and Revocation of Signature for Good Cause and Self-Executing Agreement (sent to PAUL LAWRENCE, CEO);

   d. ignoring plaintiff's Form UCC-3 filed with the Secretary of State reflecting plaintiff's ownership of the note on his property;

   e. ignoring Form UCC-3 vested interest lien plaintiff filed with the California Secretary of State giving him prior and superior claim to his property

   f. ignoring plaintiff's request for his original note

   g. CONTRERAS ignored said notice and by his failure to rebut the statements of fact regarding the numerous violations of Federal Law and failure to prove up his claim he stipulated to making and passing one or more counterfeit securities; in violation of 18 U.S.C. §§ 1341 and 1962. By doing so he perjured his oath of office; and thereby admitted to the above crimes and to making and possessing one or more counterfeit securities in violation of Title 18 USC § 513 79.

61. On or about May 21, 2008 the Defendants BETTY SCHWAB, Trustee Sales Officer, HOUSEKEY FINANCIAL CORPORATION, JESUS CONTRERAS, Assistant Secretary, HOUSEKEY FINANCIAL CORPORATION and GRACE HSU, Principal, GOLDEN IMPERIAL INVESTMENT, caused to be filed a document with the Los Angeles County California Recorder which purported that the subject property is a "parcel of real estate [is] declared purchased by HSU." The filing of this document is a cloud upon the title of the subject property.

62. On May 30, 2008 plaintiff received a foreclosure notice and a 3-day notice to quit, with a proof of service of summons and a complaint for unlawful detainer (EXHIBIT 11 – Summons, Complaint, 3-Day Notice to Quit).    Plaintiff was not officially served with this summons or 3-day notice of foreclosure notice; notice was merely left on Plaintiff's front porch.

63. Plaintiff responded officially to the aforementioned notices by filing a notice of "Refusal for Cause" to the complaint, the 3-day notice and the unlawful detainer. A copy was sent via certified mail to Defendant BOUSANE who filed the original complaint.

64. Defendant BOUSANE swore in his verification of the complaint he filed for unlawful detainer and aforementioned orders he was "duly licensed to practice law" (EXHIBIT 11-6). It was ordered on January 23, 2008 by the California Bar Association Defendant BOUSANE was suspended from practicing law (EXHIBIT 12 – California State BAR Suspension).

65. BOUSANE is not an attorney of record; has no authority to act as one. Therefore all papers filed by BOUSANE on behalf of GOLDEN IMPERIAL INVESTMENT were null and void and of no effect due to lack of standing on the part of GOLDEN IMPERIAL INVESTMENT, a fictional entity.

66. The Defendant, JUDGE LISA LENCH, has acknowledged receipt of Plaintiff's notices which contained his Refusal for Cause (EXHIBIT 13 – Minute Order dated 6/11/2008). Notice By Affidavit of Felony Crime (EXHIBIT 14) and Notice of Counterfeit Security (EXHIBIT 15 – includes Certificate of Service) was sent to all judges at the Alhambra courthouse. Plaintiffs were not noticed of the hearing held on June 11 regarding this order. A default judgment was rendered by CLERK OF COURT, JOHN A. CLARKE on June 18 (EXHIBIT 16 – Application for Judgment & Judgment).

67. On or about June 18 Defendant CLARKE filed and mailed the default judgment to the Los Angeles County, California Recorders Office. Said "order" purported that the subject property

as a parcel of real estate, is presumed by said 'order' (Default Judgment) to have been a lawful conveyance by defendant. The filing and recording of the "order" in the public records of Los Angeles County is a cloud upon the title of the subject property and has slandered plaintiff's good name in commerce. Plaintiff filed a commercial vested interest lien on his property on April 5, 2007 giving him prior and superior claim over any other (EXHIBIT 17- UCC lien).

68. Defendants CLARKE AND LENCH did not follow lawful procedures in perfecting a conveyance of said property. Plaintiff did not get notice and have an opportunity to respond prior to an eviction notice being placed on his doorstep. NOTICE AND SERVICE WAS INSUFFICIENT. Plaintiff was denied the right of due process of law when defendants mailed or placed a Notice of Lien in the Public Records of Los Angeles County, California, against plaintiff thereby clouding title to any present or future property acquired by plaintiff and slandering plaintiff's good name in commerce.

69. Plaintiff, in intercourse with the defendants, has no knowledge of any factual contract upon which a claim of lien or debt would be valid against Plaintiff. Plaintiff filed a commercial vested interest lien on his property on April 5, 2007 giving him prior and superior claim over any other (EXHIBIT 17).

70. Defendants did not file an affidavit in support of the "order" (conveyance of property).

71. Plaintiff has requested and received a "Application for and Writ of Execution" from the Administrative Office of the Los Angeles County Superior Court dated June 18, 2008, a true and correct copy is attached and by reference is made a part hereof (EXHIBIT 18).

72. Defendant has not filed a "Financing Statement UCC-1" with the Secretary of State of California, evidencing a claim against the Plaintiff. The Uniform Commercial Code requires the filing of the UCC-1 Form to verify the existence of any Claim arising under the Uniform Commercial Code against a party. The legal sufficiency of a Claim under the UCC is based upon the existence of a Contract between two parties and the only reason for any court action is a controversy caused by one party's breach of contract. The absence of such UCC-1 filing is prima facie evidence that no Contract or Claim against the Plaintiff exists and therefore no controversy can exist and the defendant's alleged claim has no legal sufficiency.

73. Plaintiff has requested and received a "Certificate of no lien of record" from the Office of the Secretary of State of the State of California a true and correct copy is attached and by reference is made a part hereof. (EXHIBIT 19).

74. Defendants LENCH and CLARKE under color of law did not afford the Plaintiff due process of law as is guaranteed by the National and State Constitutions. Defendants DID NOT GIVE PLAINTIFFS SUFFICIENT NOTICE OR SERVICE PRIOR TO EVICTION. No action was initiated against the Plaintiff, which would afford Plaintiff due process of law and the opportunity to challenge the "order" and Plaintiff's accuser in a court of law before a jury of their peers.

75. Defendant CLARKE, acting in the capacity of CLERK OF COURT FOR THE COUNTY OF LOS ANGELES recorded said order in the records of said County, the "order" (conveyance of property). This order is supportive of an illegal conveyance.

76. Defendant CLARKE did record said "order", without requiring any demonstrable evidence be shown by the Defendant LENCH that the Plaintiffs had been afforded due process rights guaranteed by the State and National constitutions in the defense of their property and good name in commerce. The original note was never produced. A judgment was issued WITHOUT proof of evidence.

77. Defendant CLARKE then shows the fradulent "order" generated by Defendant (and Judge) LENCH to the Los Angeles County recorder in order to apply for a Certification of lien; he then receives from the Los Angeles County Recorder a "Certification" of lien.

78. By the Defendant CLARKE filing the "order" with the Los Angeles County Recorder, Defendent has shifted Civil and Criminal liability away from Himself, on to the Los Angeles County Recorder and the County Commissioners.

79. By the Los Angeles County Recorder's act of recording the Los Angeles County Superior Court lien in the "Alphabetical Tax Lien Index" and by issuing a Certificate of Recordation to the Defendant CLARKE, CLARKE has "elevated" the power of a non-negotiable instrument to that of a negotiable instrument.

80. Effectively, Defendant CLARKE has laundered the non-negotiable paper "order" of Defendant (and Judge) LENCH, creating a Securities Fraud on the Plaintiff and upon the County of Los Angeles.

81. The next step in the Securities Fraud scheme as is demonstrated by past history is for the Defendant BOUZANE (who is the attorney bringing about the Unlawful Detainer suit and who has been suspended from practicing law by the California Bar) to apply for and receive a "Writ of Execution" from the Superior Court. Defendant (and Judge) LENCH complied. Defendant LENCH was notified of Misprision of Felony (LENCH was noticed by Affidavit

of Felony Crime and Counterfeit Security from an earlier action) Judge LENCH is the site Judge for the Alhambra Court.

82. The legal presumption is fraudulently based upon the "Certificate of Recordation" received by JOHN A. CLARKE, the person who recorded the Los Angeles County Superior Court judgment which formed the basis of the "Notice of Lien".

83. On June 9, 2008 plaintiff sent Defendant BACA "Notice by Affidavit of Felony Crime" in which Plaintiff brought to Defendant's attention the crimes being committed by public officials in Los Angeles County fearing the present action against them would lead to their financial demise (EXHIBIT 20).

84. As is historically demonstrated, the Defendant BOUZANE approached the Sheriff with the Writ of Execution which Defendant (and Judge) LENCH signed an order to seize the property of the Plaintiff    (Plaintiff had repeatedly requested evidence of debt which was never provided.)   Said property was seized by the Sheriff, was sold at auction, and the proceeds turned over to the Defendant, completing the Securities Fraud scheme and thereby placing the Recorder, the Sheriff, the County Commissioners and the entire County of Los Angeles in liability to the Plaintiff.

85. On July 16, 2008 County of Los Angeles County Sheriff's Deputies Valesquez and Atkins evicted Plaintiffs from their home (EXHIBIT 21 – Affidavit of Truth dated 7/16/2008). The case for unlawful detainer was removed from Superior Court on July 11, 2008. Defendant Sorensen provided the Sheriff Deputies the Federal District Court removal documents. The officers had notice and opportunity to follow proper procedure but chose to ignore Plaintiff's Federal District Court filings, and evicted plaintiff illegally.

**Cause of action**

86. Defendants knew or should have known the required procedure for a lawful lien to occur.

87. Defendants with contemplated thought and fraudulent intent, acting under color of law, did cloud title to plaintiffs' property, slander his good name in commerce and created a Securities Fraud upon the Plaintiff and the County.

88. This is an "in rem" action. Defendant CLARKE has been named for the limited purpose of settling the issue of whether the "order", namely the alleged "unlawful detainer" filed into the county records should or should not be canceled pursuant to: California Code of Civil Procedure section 493.030, providing defendant ample opportunity to answer the complaint

and as such, the defendants have no financial stake in the outcome of these proceedings or standing to counter-claim.

### Prayer

May the God of creation intervene in the hearts of men that truth may prevail over deception, that law may prevail over lawlessness. May God move the heart of the presiding Judge of this court to immediately issue legal determination, as to the Plaintiffs rights against the lien of his property and Quieting Title to:

1. Order the defendants, LENCH and CLARKE to produce lawful evidence to support the lien/debt claim or a judgment from a court of competent jurisdiction evidencing plaintiff is a judgment debtor.

2. Quash or terminate all writs, all processes outstanding and order that the rightful owners being dispossessed be placed back in their property.

3. Issue an Order of Cancellation to the defendants (BACA, CLARKE, BOUZANE, SCHWAB, HSU, LAWRENCE, LENCH, DETELICH, et al.), requiring removal of said Notice of lien from public and electronic record keeping systems, quieting title to Plaintiffs property and good name in commerce.

4. Grant Plaintiffs the recovery of cost of this action;

5. Grant Plaintiffs such other and further supplemental or exemplary relief as the court may deem just and proper as justice may demand.

And of this he puts himself upon the country.

August 22, 2008

Respectfully submitted,

John-Robert: Sorensen
Victim and Federal Witness
Private Attorney General

1

2

## **Certificate of service**

3

4   I, John-Robert: Sorensen, Authorized Representative, for LINDA WANG, certify that on August 22, 2008, I effected personal service of a true and correct copy of the above and foregoing first

5.  amendment/action for quiet title by process server.

6   Leroy D. Baca, Sheriff

7   COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
4700 Ramona Boulevard

8   Monterey Park, CA 91754

9   (Holder of a suspended license) Attorney of record
John E. Bouzane

10  LAW OFFICE OF JOHN E. BOUZANE
634 Oak Court

11  San Bernardino, CA 92410

12
John A. Clarke, Executive Officer

13  LOS ANGELES COUNTY SUPERIOR COURT
111 N. Hill Street

14  Los Angeles, CA 90012-3117

15  William P. Foley II, Chairman
FIDELITY NATIONAL TITLE INSURANCE COMPANY

16  c/o Agent of Record
CT CORPORATION SYSTEM

17  818 W. Seventh Street

18  Los Angeles, CA 90017

19
Paul Lawrence, CEO

20  HSBC BANK USA
c/o Agent of Record

21  CT CORPORATION SYSTEM
818 W. Seventh Street

22  Los Angeles, CA 90017

23
Thomas Detelich, PRESIDENT

24  HOUSEKEY FINANCIAL CORPORATION
c/o Agent of Record

25  CT CORPORATION SYSTEM
818 W. Seventh Street

26  Los Angeles, CA 90017

27  Irma Barrios, TRUSTEE SALES  OFFICER
HOUSEKEY FINANCIAL CORPORATION

28  c/o Agent of Record

22

CT CORPORATION SYSTEM
818 W. Seventh Street
Los Angeles, CA 90017

Betty Schwab, TRUSTEE SALES OFFICER
HOUSEKEY FINANCIAL CORPORATION
c/o Agent of Record
CT CORPORATION SYSTEM
818 W. Seventh Street
Los Angeles, CA 90017

The Honorable Lisa Lench
LOS ANGELES COUNTY SUPERIOR COURT
150 W. Commonwealth
Alhambra, CA 91801

Mike Sulya dba/AUCTIONER
PRIORITY POSTING & PUBLISHING, INC.
17501 Irvine Boulevard, Suite #1
Tustin, CA 92780

Grace Hsu
GOLDEN IMPERIAL INVESTMENT
c/o SUNNIE H. HAN, ATTY
LAW OFFICES OF SUNNIE H. HAN, ESQ.
2029 Century Park East, Suite 2500
Los Angeles, CA 90067

Respondent Superior
ALHAMBRA POLICE DEPARTMENT
211 South First Street
Alhambra, CA 91801

Respondent Superior
COUNTY OF LOS ANGELES
c/o Raymond G. Fortner
Los Angeles County Counsel
648 Kenneth Hahn Hall of Administration
Los Angeles, CA 90012-2713

Respondent Superior
LOS ANGELES COUNTY SUPERIOR COURT
(D-U-N-S No. 10-17-5085)
111 N. Hill Street
Los Angeles, CA 90012-3117

Jesus Contreras
HOUSEKEY FINANCIAL CORPORATION
c/o Agent of Record
CT CORPORATION SYSTEM
818 W. Seventh Street
Los Angeles, CA 90017

23

June 28, 2007

Linda-Wen-Kwang:Wang
c/o Doreen M. Walker
Notary Public
1000 Sunrise Avenue #9B-54
Roseville, CA 95661
Fax: 815-642-8179

EXPRESS MAIL # *EB 164 908 096 US*

HOUSEHOLD FINANCE CORPORATION
Attn: Payoff Department
941 Corporate Drive
Pomona, CA 91769

To Whom It May Concern:

This is a notice in the nature of a demand for set off. Your payoff letter dated June 27, 2007 is hereby Accepted for Value and Returned for Settlement in accordance with UCC 3-419, HJR 192 and Public Law 73-10. I am Exempt from Levy. Please deposit to the US TREASURY.

Demand is made for set off in the instant matter under Uniform Commercial Code doctrine, U.C.C. 8-501 thru 511, using PRIVATE BOND FOR SET OFF - NON NEGOTIABLE, BOND NO RB 802 710 035 US (Enclosed).

Please settle and close this account; return the interest to the principal, Linda-Wen-Kwang:Wang at the post location listed above; within 5 calendar days.

Thank you in advance for your assistance in this matter.


Linda-Wen-Kwang:Wang
c/o Doreen M. Walker
Notary Public
1000 Sunrise Avenue #9B-54
Roseville, CA 95661
Fax: 815-642-8179

Enclosures:   (1) Accepted for Value HFC Payoff Letter dated June 27, 2007
              (2) Private Bond #RB 802 710 035 US

EX 1

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

HOUSEKEY FINANCIAL CORPORATION
P.O. BOX 60145
CITY OF INDUSTRY, CA 91716

---

Trustee Sale No. 74-26985-2          Title Order No.E712787

Space above this line for recorder's use only
APN 5350-019-055

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/30/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On **10/25/2007** at **10:30AM**, HOUSEKEY FINANCIAL CORPORATION as the duly appointed Trustee under and pursuant to Deed of Trust Recorded on 05/05/2003, as Instrument 03-1277930 of official records in the Office of the Recorder of LOS ANGELES County, California, executed by: LINDA WANG, A SINGLE WOMAN, as Trustor, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA (Original Lender) and HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, as current Servicer/Lender, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: **THE WEST SIDE OF THE LOS ANGELES COUNTY COURTHOUSE, DIRECTLY FACING NORWALK BLVD., 12720 NORWALK BLVD., NORWALK, CA.,** all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein:

AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST.

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be:
905 S ATLANTIC BLVD, ALHAMBRA, CA 91803.

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed

1

*EX 2-1*