UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| John-Robert Sorensen (pro se) Linda Wen-Kwang Wang (pro se) | Rina Mathevosian Judith Deming Noah Balch | |

**Proceedings:** **DEFENDANTS HSBC BANK USA, N.A.; PAUL LAWRENCE; THOMAS DETELICH; BETTY SCHWAB; HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA; IRMA BARRIOS; JESUS CONTRERAS & HOUSEKEY FINANCIAL CORPORATION'S MOTION TO DISMISS PLAINTIFFS' SO-CALLED PETITION** (filed 09/30/08)

## I.     INTRODUCTION

On August 22, 2008, plaintiffs John-Robert Sorensen and Linda-Wen-Kwang Wang, appearing pro se, filed their petition "in nature of a class action complaint for quiet title" against defendants Chief Executive of Los Angeles County Superior Court John A. Clarke, John E. Bouzane, Trust Golden Imperial Investments, Sheriff Leroy D. Baca, Paul Lawrence, HSBC Bank USA ("HSBC"), Thomas Detelich, Household Finance Corporation of California ("HFC"), Betty Schwab, Housekey Financial Corp. ("Housekey"), Irma Barrios, Jesus Contreras, William P. Foley II, Fidelity National Title Insurance Company, Grace Hsu, Los Angeles Superior County Judge Lisa Lench, Mike Sulya, Priority Posting and Publishing, the Alhambra Police Department, the County of Los Angeles, the Los Angeles County Superior Court, and Does 1-100 alleging that Wang's real property, located at 905 South Atlantic Boulevard, Alhambra, California 91803 ("the property"), was wrongly foreclosed upon and that plaintiffs were wrongly evicted therefrom. Plaintiffs further allege that defendants engaged in deceptive and fraudulent sales practices and violated disclosure laws in connection with a mortgage Wang received from HFC in May 2000, in violation of the Truth in Lending Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607.

On September 30, 2008, defendants HSBC, Lawrence, Detelich, Schwab, HFC, Barrios, Contreras and Housekey (collectively, "defendants") filed the instant motion to dismiss pursuant to Rule 12(b)(6). On October 3, 2008, plaintiffs filed a "notice to respondent's attempt to dismiss under Rule 12(b)(6)" (hereinafter referred to as "opp'n"). A hearing was held on October 27, 2008. The Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiffs allege that in May 2000, HFC engaged in deceptive and fraudulent sales practices, and violated disclosure laws in connection with a mortgage it entered into with Wang. Petition ¶ 10-12. Specifically, plaintiffs allege that HFC: (1) baited and switched on interest rates; (2) purposely debased Wang's credit profile for HFC's maximum gain; (3) gave plaintiffs a long prepayment period of five years; (4) charged an exorbitant prepayment fee of 5%; (5) forced plaintiffs to pay high closing costs of $15,000; (6) provided a proposal showing monthly savings that failed to materialize; (7) structured a mortgage to include a last minute loan that made it difficult for plaintiffs to defect and get financing elsewhere; (8) failed to provide plaintiffs with a good faith estimate for the two loans; (9) provided confusing presentations to plaintiffs that convinced them to agree to a loan with a higher interest rate than they though they were getting; (10) failed to disclose a mandatory arbitration clause; (11) failed to explain the credit life insurance concept and cost; (12) failed to make available loan document copies when requested to do so; (13) supplied checks for a credit line that had no value; and (14) double billed plaintiffs for $3,000 of credit life insurance that they did not ask for. Plaintiffs further allege that on or about June 28, 2007, plaintiffs claim that they paid of the mortgage by directing HFC "to charge the pre-paid account of LINDA WANG 570574399 on file with the Department of the Treasury" for the amount owed. Petition ¶ 18.

On or about October 4, 2007, plaintiffs were notified that they were in default under the deed of trust and on December 3, 2007, Sorensen purported to tender payment to Housekey in the amount of $5,000,000. Petition ¶ 20, Ex. 2-2. On or about May 21, 2008, the property was sold to Golden Imperial at a trustee sale. Petition ¶ 45, Ex. 10-1. On or about May 30, 2008, plaintiffs were served with a notice to quit and deliver possession of the property to Golden Imperial. Petition ¶ 62, Ex. 11-4. On or about June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

3, 2008, Golden Imperial filed a complaint for unlawful detainer because plaintiffs refused to deliver possession of the property. Petition, Ex. 11-3. On June 18, 2008, the Los Angeles County Superior Court Clerk entered default judgment against plaintiffs and the Los Angeles County Superior Court issued a writ of possession of real property directing the Los Angeles County Sheriff to enforce the judgment against plaintiffs. Petition ¶ 66-68, Ex. 16-2-3. On or about July 16, 2008, plaintiffs were evicted from the property. Petition ¶ 85, Ex. 21-1

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     The Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments. See Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). Specifically, the Rooker-Feldman doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the judgment itself violates the loser's federal [constitutional] rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). The underlying question is whether "the district court is in essence being called upon to review the state-court decision." Feldman, 460 U.S. at 483-484, n.16. However, the Rooker-Feldman doctrine does not bar a federal suit to set aside a state court judgment obtained through extrinsic fraud. See Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004). In Kougasian, a Ninth Circuit panel held that a "plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by an adverse party," and is not barred by Rooker-Feldman, 359 F.3d at 1140-41. "Extrinsic fraud is conduct which prevents a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

party from presenting his claim in court." Id. at 1140.

/ / /
/ / /

## IV.   DISCUSSION

### A.   Wrongful Foreclosure and Wrongful Eviction Claims

Defendants argue that the foreclosure proceedings and subsequent eviction were authorized by law. Mot. at 3. Defendants further argue that plaintiffs offers of settlement were "illusory" and "fictional." Id. at 3. Defendants contend that plaintiffs "believe they can 'issue Negotiable Instruments against the obligations of the United States' and that these fictional payments 'are required by law to be accepted as legal tender.'" Id. at 3-4 (citing Petition ¶ 2, 4, Ex. 7A-3). Defendants further contend that plaintiffs cannot "collaterally attack the California state court's judgment of eviction in this Court." Id. at 4 (citing Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 283 (2005)). Defendants argue that because plaintiffs "do not, and cannot, allege they tendered actual currency to pay off their loan" and previously lost in state court, they cannot state a cognizable claim against defendants. Id.

Plaintiffs respond that defendants' Rule 12(b)(6) motion "has failed to observe the federal rules upon which this court can consider the paper as properly filed." Opp'n at 1. Plaintiffs argue that dismissing the claims of a pro se litigant would be reversible error. Id. at 2 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Plaintiffs further argue that "any intent to re-characterize a pro se litigants pleadings requires the court give notice and provide pro se [an] opportunity to stand on or correct [those pleadings] prior to any re-characterization." Id. Moreover, plaintiff contends that "[t]he United States District Court is not a true United States court established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed." Id. at 3.

The Court concludes that plaintiffs have failed to state a cognizable claim for wrongful foreclosure or wrongful eviction against defendants. The foreclosure proceedings and subsequent eviction were authorized by law: on June 18, 2008, the Clerk of the Los Angeles County Superior Court entered a default judgment against plaintiffs and the Los Angeles County Superior Court issued a writ of possession of real property. Petition Ex. 16-2-3, 18-3. Moreover, plaintiffs have not sufficiently alleged that Wang

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

tendered valid payment in satisfaction of her mortgage. Plaintiffs' claims that they "may issue Negotiable Instruments against the obligations of the United States" and that "[t]hese Negotiable Instruments are required by law to be accepted as 'legal tender' of payment for all debts public and private" are insufficient to show a tender of valid payment. Petition Ex. 7A-3.

Furthermore, plaintiffs claims against defendants for wrongful foreclosure and eviction are barred by the Rooker-Feldman doctrine because they are essentially a collateral attack on the Los Angeles County Superior Court's writ of possession. Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("just as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision"). The court does not have jurisdiction to review the implementation of the state court's judgment absent some showing of extrinsic fraud, which plaintiffs have not alleged. Id.; Rooker-Feldman, 359 F.3d at 1140-41.

### B. TILA and RESPA Claims

Furthermore, defendants argue that plaintiffs TILA and RESPA claims are time-barred. Defendants argue that the statute of limitations on a TILA violation is one year and the statute of limitations on a RESPA claim is three years. Id. (citing 12 U.S.C. § 2614; 15 U.S.C. § 1640(e)). Defendants argue that plaintiffs filed suit on August 22, 2008, alleging that defendants engaged in deceptive sales practices and violated disclosure laws in May 2000, and that Wang executed her deed of trust in April 2003. Id. Therefore, defendants argue, plaintiffs' action is time-barred because it was filed "more than two years after the statutory deadline most favorable to them." Id.

The Court concludes that plaintiffs' TILA and RESPA claims are time-barred. The statute of limitations on a TILA claim is one year, pursuant to 15 U.S.C. § 1640(e), and the statute of limitations on a RESPA claim is three years, pursuant to 12 U.S.C. § 2614. This suit was filed on August 22, 2008, more than five years after Wang executed her deed of trust in April 2003. Petition ¶ 57. Therefore, plaintiffs' RESPA and TILA claims are time barred. Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1041 (D.C. Cir. 1986) ("Since [plaintiff's RESPA] claim accrued more than three years prior to the commencement of this suit, we affirm the order of the district court dismissing [plaintiff's] action"); Silvas v. E*Trade Mortg. Corp., 421 F. Supp. 2d 1315, 1320 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

Cal. 2006) (holding that the one year statute of limitations of TILA applied).

## V.   CONCLUSION

In accordance with the foregoing the Court hereby GRANTS defendants' motion to dismiss with leave to amend.  Plaintiff shall file an amended complaint curing the defects noted herein within 30 days after the filing of this order.  In the event that
/ / /
plaintiffs do not to amend their complaint within 30 days, this order will operate as a dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |