UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John-Robert Sorensen | Rina Mathevosian |
| | Noah Balch |
| | Judith Deming |
| | Michele Graeler |

**Proceedings:**   **DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF LEROY D. BACA'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**(filed 12/10/08)

**DEFENDANTS WILLIAM P FOLEY II AND FIDELITY NATIONAL TITLE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 12/10/08)

**DEFENDANT ALHAMBRA POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 12/11/08)

**DEFENDANTS HSBC BANK USA, N.A., PAUL LAWRENCE, THOMAS DETELICH, BETTY SCHWAB, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, IRMA BARRIOS, JESUS CONTRERAS, AND HOUSEKEY FINANCIAL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 12/12/08)

## I.   INTRODUCTION

On August 22, 2008, plaintiffs John-Robert Sorensen and Linda-Wen-Kwang Wang, appearing pro se, filed their petition "in nature of a class action complaint for quiet title" against several defendants alleging that Wang's real property, located at 905 South Atlantic Boulevard, Alhambra, California 91803 ("the property"), was wrongly foreclosed and that plaintiffs were wrongly evicted therefrom.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

On October 27, 2008 the Court granted defendants HSBC Bank USA ("HSBC"), Paul Lawrence, Thomas Detelich, Betty Schwab,  Household Finance Corporation of California ("HFC"), Irma Barrios, Jesus Contreras, and Housekey Financial Corp.'s ("Housekey") motion to dismiss plaintiffs' complaint with leave to amend.  Also on October 27, 2008, the Court granted defendants  Sheriff Leroy D. Baca and William P. Foley II's motion to dismiss plaintiff's complaint with leave to amend.  On November 24, 2008, the Court granted defendants Los Angeles Superior County Judge Lisa Lench, the Los Angeles County Superior Court, and Chief Executive of Los Angeles County Superior Court John A. Clarke's motion to dismiss without leave to amend.

On November 26, 2008, plaintiffs filed a "first amended petition" ("FAC") against defendants the County of Los Angeles, HSBC, Paul Lawrence, HFC, Thomas Detelich, John E. Bouzane, Grace Hsu, Housekey, Betty Schwab, Irma Barrios, Jesus Contreras, Fidelity National Title Insurance Company ("Fidelity"), Trust Golden Imperial Investments ("Golden Imperial"), Baca, Foley, Priority Posting and Publishing, Mike Sulya, the Alhambra Police Department, Swarovski Financial, Evgeny Swarovski, and Does 1-100, alleging that defendants conspired to wrongly evict them from the property.[1]

On December 10, 2008, defendants the County of Los Angeles and Baca filed a motion to dismiss.  Also on December 10, 2008, defendants Foley and Fidelity filed a motion to dismiss. On December 11, 2008, the Alhambra police department filed a motion to dismiss.  On December 12, 2008, defendants HSBC, Lawrence, Detelich, Schwab, HFC, Barrios, Contreras, and Housekey filed a motion to dismiss.  On January 12, 2008, plaintiffs filed their opposition.  After carefully considering the parties' arguments, the Court finds and concludes as follows.[2]

---

[1] Plaintiffs also named Los Angeles Superior County Judge Lisa Lench, the Los Angeles County Superior Court, and Chief Executive of Los Angeles County Superior Court John A. Clarke as defendants.  However, this Court granted these defendants' motion to dismiss plaintiff's initial complaint without leave to amend and they are no longer parties to this action.  November 24, 2008 Order at 7.

[2] On December 24, 2008, plaintiffs filed a second amended complaint.  The Court hereby strikes plaintiffs' second amended complaint because it was filed without leave of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|----------|--------------------------|------|-------------------|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

## II.    BACKGROUND

### A.    Allegations as to HSBC, Lawrence, Detelich, Schwab, HFC, Barrios, Contreras, and Housekey

Plaintiffs allege that Wang entered into a mortgage with HFC to refinance the property.  FAC ¶ 3.38.  Plaintiffs further allege that in or around May 2000, as part of the refinancing, HFC offered Wang "a long prepayment period," charged her an "exorbitant prepayment fee," and required that she pay "high closing costs."  FAC ¶ 3.44.  Additionally, plaintiffs allege that HFC "failed to provide a good faith estimate for the two loans."  FAC ¶ 3.45.  Plaintiffs further allege that HFC "refused to respond to two RESPA requests."  FAC, Ex. 5-1.

On or about June 28, 2007, plaintiffs purported to pay off the mortgage on the property by directing HFC "to charge the pre-paid account of LINDA WANG 570574399 on file with the Department of the Treasury."  FAC ¶ 3.50.  Plaintiffs allege that on or about October 4, 2007, they were notified that they were in default of the deed of trust. FAC, Ex. 3-1-2.  On December 3, 2007, Sorensen purported to tender payment to Housekey in the amount of $5,000,000 by signing a certificate in the presence of a notary.  FAC ¶ 3.52.  Plaintiffs allege that defendants now owe them $5,000,000 "for their dishonor."  FAC ¶ 3.56.

On or about May 21, 2008, the property was sold to Golden Imperial at a trustee's sale.  FAC, Ex. 12-10-11.  On or about May 30, 2008, plaintiffs were served with written notice to quit and deliver possession of the property to Golden Imperial.  FAC ¶ 3.93.  On June 18, 2008, the Clerk of the Los Angeles County Superior Court entered default judgment against plaintiffs in an unlawful detainer action and issued a writ of possession of real property directing the Sheriff of Los Angeles County to enforce the judgment against plaintiffs.  FAC, Exs. 17-2-3, 19-3-4.  On or about July 16, 2008, plaintiffs were

---

[2](...continued)
Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|----------|-------------------------|------|------------------|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

evicted from the property.  FAC ¶ 3.116.  Plaintiffs allege that they were denied "due process of law" during the eviction.  FAC ¶ 3.99.

### B.    Allegations as to Baca and the County of Los Angeles

Plaintiffs allege that Baca "acted through his deputies as an enforcement agent for a civil unlawful detainer proceeding."  FAC ¶ 3.13.  Plaintiffs further allege that they sent Baca a "Notice by Affidavit of Felony Crime" and that he nonetheless participated in the unlawful foreclosure.  Moreover, plaintiffs allege that Baca failed to perform his required duties, in violation of Fla. Stat. § 839.24, and conspired with the other defendants to deprive plaintiffs of their property, in violation of 18 U.S.C. § 1341, a criminal statute pertaining to fraud.  FAC ¶¶ 4.7-4.8.

Moreover, plaintiffs' only allegations against the County of Los Angeles appear to be that it did not "enjoy equity or other rights in relation to a Mortgage Note held by plaintiffs."  FAC ¶ 3.16.

### C.    Allegations as to Foley and Fidelity

Plaintiffs allege that Foley, as chairman of Fidelity, "acted to contribute to the enrichment of [Fidelity's] unlawful enterprise."  FAC ¶ 3.6.  Plaintiffs further allege that they sent Foley a copy of a "Notice to Accept Contract; Notice of Joinder" and that Foley and others "chose to ignore said notice and have acquiesced to its terms of the aforementioned contract by virtue of their default."  FAC ¶¶ 3.58-3.60.

### D.    Allegations as to the Alhambra Police Department

Plaintiffs allege that the Alhambra Police Department's officials and officers "acted as enforcement agents for a civil unlawful detainer proceeding" and "acted to contribute to Golden Imperial's unlawful enterprise, despite their full and prior knowledge that Golden Imperial had no rights to the remedy sought."  FAC ¶ 3.14.  Plaintiffs further allege that defendant "had full and prior knowledge as to the unlawfulness of Golden Imperial Investment's desire to assert rights to sue which it did not possess, but chose to engage and join Golden Imperial Investment and furthered said conduct through malicious prosecution against the Plaintiff in the subject action with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

intent to wrongfully deprive Plaintiff Wang and her family of her home."  FAC ¶ 4.6.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|----------|-------------------------|------|------------------|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999);
Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal
is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966
(9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be
freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the
court determines that the allegation of other facts consistent with the challenged pleading
could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture
Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th
Cir. 2000).

### B.     The Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, a federal court is without jurisdiction to
exercise appellate review of state court judgments.  See Rooker v. Fidelity Trust, 263
U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S.
462, 482-486 (1983).  Specifically, the Rooker-Feldman doctrine prevents "a party losing
in state court . . . from seeking what in substance would be appellate review of the state
judgment in a United States District Court, based on the losing party's claim that the
judgment itself violates the loser's federal [constitutional] rights."  Johnson v. DeGrandy,
512 U.S. 997, 1005-06 (1994).  The underlying question is whether "the district court is
in essence being called upon to review the state-court decision."  Feldman, 460 U.S. at
483-484, n.16.  However, the Rooker-Feldman doctrine does not bar a federal suit to set
aside a state court judgment obtained through extrinsic fraud.  See Kougasian v. TMSL,
Inc., 359 F.3d 1136 (9th Cir. 2004).  In Kougasian, a Ninth Circuit panel held that a
"plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state
court; rather, he or she is alleging a wrongful act by an adverse party,"  and is not barred
by Rooker-Feldman.  359 F.3d at 1140-41.  "Extrinsic fraud is conduct which prevents a
party from presenting his claim in court."  Id. at 1140.

### C.     Eleventh Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not expressly provide that a federal court may not entertain a suit brought by a citizen against his own state, the Supreme Court has "recognized that [the Eleventh Amendment's] greater significance lies in its affirmation that the fundamental principal of sovereign immunity limits the grant of judicial authority in Article III." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). Thus, as the Court held in Hans v. Louisiana, 134 U.S. 1 (1890), a federal court could not entertain a suit brought by a citizen against his own State unless the state has consented to jurisdiction. The Ninth Circuit Court of Appeals has held that the Los Angeles County Superior Court is a State agency for purposes of sovereign immunity. Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Furthermore, the Eleventh Amendment bars suit against state officials when the state is the "real , substantial party in interest," regardless of whether the suit seeks damages or injunctive relief. Pennhurst, 465 U.S. at 100.

## IV. DISCUSSION

### A. The Rooker-Feldman Doctrine

Defendants argue that this Court lacks subject matter jurisdiction to hear plaintiffs' claims because they are seeking review of a state court judgment. Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). Defendants contend that on June 18, 2008, in case number 08-U00427, the Los Angeles County Superior Court entered a judgment against Wang, and issued a writ of possession which gave defendants the authority to evict plaintiff.

Additionally, defendants argue that plaintiff's claims should be dismissed because the FAC fails to state facts sufficient to support a cognizable claim. Defendants acknowledge that pro se plaintiffs are held to a less stringent standard than lawyers, but argue that a liberal interpretation of a pro se plaintiff's pleading "may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1988). Defendants further argue that plaintiffs have attempted to state claims under criminal statutes, which are not applicable in a civil case.

The Court concludes that plaintiffs have failed to state a claim against defendants. In their FAC, plaintiffs do little more than repeat their previous allegations and cite various inapplicable criminal statutes. Plaintiffs' claims against defendants are barred by the Rooker-Feldman doctrine because they are essentially a collateral attack on the Los Angeles County Superior Court's issuance of a writ of possession. Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("just as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision"). Plaintiffs have not otherwise pled any facts that would support a cognizable claim against defendants.

**B.     Immunity**

Defendants Baca and Los Angeles County further argue that they are entitled to immunity. Defendant Baca argues that he is entitled to quasi-judicial immunity because he was acting pursuant to a valid writ of possession issued by the Los Angeles County Superior Court. Id. at 5 (citing Mays v. Sudderth, 97 F.3d 107, 108 (5th Cir. 1996); Henry v. Farmer City State Bank, 808 F.2d 1128, 1138-39 (7th Cir. 1986)).

The Court concludes that defendants Baca and Los Angeles County are immune from suit. Plaintiffs' allegations that Baca seized plaintiffs' property and evicted them, pursuant to a writ of execution signed by a judge, are insufficient to support a cognizable claim against him because he is entitled to immunity. Cal. Govt. Code § 820.4 ("A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law"). Similarly, plaintiffs' claims against Los Angeles County are barred by the Eleventh Amendment. The Eleventh Amendment bars federal courts "from deciding virtually any case in which a state or the 'arm of a state' is a defendant . . . unless the state has affirmatively consented to suit." Durning 950 F.2d at 1422. Claims against the Superior Court and state officials acting in their official capacity are considered claims against the state. See Greater Los Angeles Council on Deafness v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|---|---|---|---|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

Zolin, 812 F.2d 1103, 1107 (9th Cir. 1987); Pennhurst v. Halderman, 465 U.S. 89, 99-100 (1984).

### C.     TILA and RESPA Claims

As the Court noted in its October 27, 2008 Order, to the extent plaintiffs are attempting to bring claims pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* or the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, those claims are time-barred. The statute of limitations on a TILA claim is one year, pursuant to 15 U.S.C. § 1640(e), and the statute of limitations on a RESPA claim is three years, pursuant to 12 U.S.C. § 2614. This suit was filed on August 22, 2008, more than five years after Wang executed her deed of trust in April 2003. Therefore, any claims pursuant to RESPA and TILA are time barred. Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1041 (D.C. Cir. 1986) ("Since [plaintiff's RESPA] claim accrued more than three years prior to the commencement of this suit, we affirm the order of the district court dismissing [plaintiff's] action"); Silvas v. E*Trade Mortg. Corp., 421 F. Supp. 2d 1315, 1320 (S.D. Cal. 2006) (holding that the one year statute of limitations of TILA applied).

### V.     CONCLUSION

In accordance with the foregoing, defendants' motions to dismiss are hereby GRANTED with prejudice because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber, 806 F.2d at 1401. Plaintiffs' FAC has failed to cure any of the deficiencies identified by this Court and it appears that plaintiffs' claims are essentially a collateral attack on a state court judgment.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1142-CAS (JWJx) | Date | January 12, 2009 |
|----------|--------------------------|------|------------------|
| Title | JOHN-ROBERT SORENSEN; ET AL. v. IN REM "NOTICE OF LIEN" BY JOHN A. CLARKE; ET AL. | | |

00 : 04

Initials of Preparer                CMJ